**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:26CV-P118-CRS**

**HENRY L. GUNN**                                                                    **PLAINTIFF**

**v.**

**JENNIFER SKAGGS**                                                             **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Henry L. Gunn filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I.  SUMMARY OF COMPLAINT**

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He sues Jennifer Skaggs, whom he identifies as his public defender, in her individual capacity.

Plaintiff states that he asked Defendant to file motions in his criminal case and that she refused to file them. He maintains that she has pressured him to take a plea deal and that he does not want to do so. He also states that he has tried to call Defendant multiple times and has not been able to reach her. He states, "I feel that I'm not being represented by my public defender properly and there is a lack of trust between Jennifer Skaggs and I."

As relief, Plaintiff seeks compensatory and punitive damages, "new representation," and "release on H.I.P. to treatment."

**II.  LEGAL STANDARD**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

To state a claim under § 1983, "a plaintiff must allege (1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). It is firmly established that a defense attorney, regardless of whether he or she is a public defender or private attorney, does not act under color of state law for purposes of § 1983.

*Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Therefore, Plaintiff fails to state a claim under § 1983 against Defendant.

Moreover, even if the complaint was not subject to dismissal for this reason, this Court has no authority to appoint new counsel for Plaintiff in his state court criminal case. Further, release is not an available remedy under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983.").

Accordingly, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date:    August 4, 2026

Charles R. Simpson III, Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendant
4411.010

3